# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**LEODIS RANDLE**                                                                      **PLAINTIFF**

v.                         **Case No: 4:19-cv-00116-KGB**

**DOES**                                                                                      **DEFENDANTS**

## ORDER

Plaintiff Leodis Randle was incarcerated at the Houston Federal Detention Center when he filed a *pro se* complaint on February 12, 2019 (Dkt. No. 1). Mr. Randle did not pay the $400.00 filing fee[1] or file an application to proceed *in forma pauperis* at the time he filed his complaint. On February 19, 2019, Mr. Randle filed a notice of change of address indicating that he was no longer in custody (Doc. No. 2). Then, on February 27, 2019, Mr. Randle filed a second notice of change of address indicating that he is in custody in the Pulaski County Detention Center (Dkt. No. 3).

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). At this time, the PLRA applies to Mr. Randle's claims as he remains in custody. While the Court of Appeals for the Eighth Circuit has not addressed the issue, courts in other circuits have held that the three-strikes rule applies to lawsuits filed by a prisoner, even if he is later released. *See Gibson*

---

[1] Effective May 1, 2013, the cost for filing a new civil case is $400.00 which includes a $50.00 administrative fee that does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

*v. City of New York*, 692 F.3d 198, 201 (2d Cir. 2012) ("[T]he relevant time at which a person must be "a prisoner" . . . is "the moment the plaintiff files his complaint."); *Johnson v. Allegheny*, 669 Fed. App'x 74, 75 n.1 (3d Cir. 2011) (holding that the PLRA applies notwithstanding post-suit release); *Torns v. Miss. Dept. Corrs.*, 421 Fed. App'x 316, 317 (5th Cir. 2010) (holding that the plaintiff's release "did not entitle him to proceed IFP on an action that he had brought while he was a prisoner subject to the three-strikes bar."); *Harrison v. State*, Case No. 14-0811-BAJ-RLB, 2015 WL 6675570 (M.D. La. Oct. 30, 2015).

Prior to filing this lawsuit on February 12, 2019, Mr. Randle filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted. *See Randle v. Peters, et al.,* 4:14-CV-280-BRW; *Randle v. Baker, et al.*, 4:14-CV-357-JLH; *Randle v. Arkansas, et al.,* 4:17-CV-291-BSM. Nevertheless, Mr. Randle may proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. § 1915(g) (providing that three strikers should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

Mr. Randle sued the Doe defendants, including the Federal Courthouse, Court Policy, and the Justice System (Dkt. No. 1). He alleges that earlier cases he filed were wrongfully dismissed under § 1915(g)'s three-strikes provision because he was in imminent danger of serious physical injury at the time he filed the complaints; he challenges the policy that was behind the dismissal of his cases (*Id.*, at 3, 4, 6, 7, 9). He also alleges that he will be in imminent danger again upon his return to the Pulaski County Detention Center following treatment in an outside facility (*Id.*, at

2

3). Based on the allegations in Mr. Randle's complaint, he was not in imminent danger at the time he filed his complaint; instead, he fears future danger. Accordingly, the imminent danger exception does not apply. *Dilworth,* 147 F.3d at 717. This case will be dismissed due to Mr. Randle's failure to pay the filing fee. Mr. Randle will have 30 days to reopen this case by paying the $400.00 filing fee in full.

It is therefore ordered that:

1. Mr. Randle's complaint is dismissed without prejudice (Dkt. No. 1).

2. Mr. Randle has 30 days from the date of this order in which to reopen this case by paying the $400.00 filing fee in full.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

It is so ordered, this the 19th day of December, 2019.

Kristine G. Baker
United States District Judge